UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SCOTTIE LYNN SHORT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:12-CR-97-JRG-MCLC-1 |
| | ) | 2:15-CV-152-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 40, 45].[1] He bases the request for relief at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition to the original petition on August 4, 2014 [Doc. 42], and the supplemented petition on August 19, 2016 [Doc. 51]. Petitioner replied to both responses in turn [Docs. 43, 52]. For the reasons that follow, Petitioner's supplemented pro se § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

While at Petitioner's home to arrest him for a parole violation, Morristown police officers observed .22 and .357 caliber shell casings lying in plain sight in the hallway [Doc. 10 ¶ 4].

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed as supplement to the pro se petition challenging Petitioner's base offense level in light of the *Johnson* decision [Doc. 45].

Once Petitioner was in custody, the officers asked if there were any firearms in the residence [*Id.*]. He responded in the affirmative, noting that there was a rifle under the blankets on his bed and a loaded revolver under the same [*Id.*]. Officers recovered the rifle, revolver, and live ammunition [*Id.*]. After being advised of his *Miranda* rights, Petitioner claimed that the firearms belonged to his daughter, but admitted that, if fingerprinted, his fingerprints would show up on them [*Id.*].

Based on the foregoing events, Petitioner pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), which subjected him to a ten-year statutory maximum sentence under 18 U.S.C. § 924(a)(2) [Presentence Investigation Report (PSR) ¶¶ 2, 78]. Based on a prior Tennessee conviction for evading arrest, the United States Probation Office assigned Petitioner a base offense level of twenty under Section 2K2.1(a) of the United States Sentencing Guidelines [*Id.* ¶¶ 17, 44].[2] A three-level reduction for acceptance of responsibility resulted in a total offense level of seventeen [*Id.* ¶¶ 24–26]. Combined with his criminal history category of VI, Petitioner's total offense level yielded an advisory Guideline range of 51 to 63 months' imprisonment [*Id.* ¶¶ 53, 79]. This Court imposed a sentence at the bottom of that range [Doc. 25]. Petitioner appealed, but then moved to voluntarily dismiss that appeal [Doc. 39]. The Sixth Circuit granted his request on January 29, 2014 [*Id.*].

In May of 2015, Petitioner filed his original petition for collateral relief [Doc. 40]. On June 1, 2016, FDSET filed a supplement seeking relief based on the *Johnson* decision [Doc. 45].

---

[2] The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4).

The supplemented § 2255 petition contains two grounds for collateral relief. First, Petitioner argues that counsel was constitutionally deficient because he failed raise the fact that the weapons recovered from Petitioner's home belonged to Petitioner's daughter as a defense to the § 922(g) charge [Doc. 40 ]. Second, he argues that the *Johnson* decision removed Tennessee felony evading arrest from Section 4B1.2(a)'s definition of "crime of violence" and that, without that conviction, he lacks the sufficient predicate for base offense level enhancement [Doc. 45].

## II. TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of

3

Petitioner's supplemented § 2255 motion depends on whether or not its submission complied with subsections (f)(1) and (f)(3).

### A. Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). In alternative, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition—ninety days after entry of the intermediate appellate court's judgment. *Id.*; *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Petitioner's conviction became final for purposes of subsection (f)(1) ninety days after the Sixth Circuit granted his motion to voluntarily dismiss—on April 30, 2014. The window for requesting timely relief under subsection (f)(1) expired one year later—on April 30, 2015, roughly one month before Petitioner filed the original pro se petition [Doc. 40], and more a year before FDSET filed the *Johnson*-based supplement [Doc. 45].

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition after April 30, 2015, only the claim for collateral relief

4

based on the *Johnson* decision even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, Petitioner's ineffective assistance of counsel claim does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). As such, timeliness of that claim depends on whether Petitioner has established a basis for equitably tolling subsection (f)(1).

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and, as a result, the filing windows are subject to equitable tolling under limited and extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

5

Review of the petition, supplement, and CM/ECF record fails to reveal a single extraordinary justification for Petitioner's failure submit the claims contained in his original pro se petition within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the ineffective assistance claim is untimely, the Court will deny it without review.[3]

## III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

---

[3] Even if Petitioner's ineffective assistance claim were timely, it would fail for want of prejudice. Ownership is irrelevant to whether or not Petitioner actually or constructively possessed the same. *See United States v. Hardin*, 248 F.3d 489, 498 (6th Cir. 2001) ("The fact that Defendant did not own the gun is irrelevant, since the issue is not ownership, but possession.").

To establish constructive possession, "the government must simply prove, using either direct or circumstantial evidence, that the defendant had the ability to exercise knowing dominion and control over the items in question." *United States v. Wettstain*, 618 F.3d 577, 586 (6th Cir. 2010). Here, after being advised of his *Miranda* rights, Petitioner admitted that he knew where the firearms were located in the house and that his fingerprints would be on those firearms [Doc. 10 ¶ 4; Doc. 36 pp. 12–13]. These admissions are sufficient for purposes of § 922(g), meaning Petitioner did not incur prejudice based on the decision not to mount an ownership-based defense.

6

Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. REMAINING GROUND FOR *JOHNSON*-BASED RELIEF

Only one ground in support of collateral relief remains: Petitioner's argument the *Johnson* decision removed felony evading arrest from Section 4B1.2(a)'s definition of "crime of violence" and that, without that conviction, he lacks sufficient predicates for base offense level enhancement.[4]

On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). As a result, binding authority now dictates that the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's base offense level under Section 2K2.1(a).

## V. CONCLUSION

---

[4] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

For purposes of Section 2K2.1(a), "crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

7

For the reasons discussed above, Petitioner's supplemented pro se § 2255 motion [Docs. 40, 45] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE

8

Case 2:12-cr-00097-JRG-MCLC   Document 57   Filed 04/05/17   Page 8 of 8   PageID #: 209